# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Armando Rodriguez, | No. CV-23-00439-PHX-ROS |
| Petitioner, | **ORDER** |
| v. | |
| Ryan Thornell, et al., | |
| Respondents. | |

Petitioner Armando Rodriguez filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). In 2017, Petitioner was convicted in Maricopa County Superior Court of one count of child molestation and two counts of attempted child molestation, and he was sentenced to 17 years in prison. Magistrate Judge Camille D. Bibles recommends denial of Petitioner's petition because it is barred by the statute of limitations provision of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which imposes a one-year statute of limitations on state prisoners seeking federal habeas relief. Petitioner filed some objections. For the following reasons, Magistrate Judge Bibles' recommendation will be adopted.

## I.   Background

Petitioner was charged with three counts of sexual conduct with a minor, three counts of kidnapping, three counts of aggravated assault, three counts of attempted sexual conduct with a minor, two counts of sexual abuse of a minor, two counts of child molestation, and one count of furnishing obscene materials to a minor. (Doc. 9 at 1). On

August 31, 2017, Petitioner entered into a plea agreement, in which he pleaded guilty to one count of child molestation and two counts of attempted child molestation in exchange for dismissal of the other fourteen charges, and he agreed to the imposition of a 17-year sentence. On November 3, 2017, Petitioner was sentenced to 17 years in prison.

Petitioner filed a notice of post-conviction relief on November 29, 2017, and post-conviction relief counsel reviewed his record but did not find any colorable claims to raise in post-conviction proceedings. (Doc. 9 at 2). Petitioner filed a *pro se* petition alleging his post-conviction counsel was ineffective for failure to review Grand Jury transcripts, but in May 2019, the superior court dismissed that petition. (*Id.*). Petitioner did not seek review in the Arizona Court of Appeals.

Over two years later, on July 20, 2021, Petitioner filed a second notice of post-conviction relief, alleging the judge who conducted his settlement conference had already found him guilty and was in cahoots with the prosecutor. (*Id.* at 3). On February 1, 2022, the court dismissed that petition as untimely and successive. Petitioner sought review in the Arizona Court of Appeals, which granted review and denied relief on October 25, 2022. The Arizona Supreme Court denied his petition for review on February 2, 2023.

**II.     Habeas Petition**

Petitioner filed the pending petition for a writ of habeas corpus on March 13, 2023, and raised four claims: (1) that he was denied due process and equal protection because the State "manipulated the facts and used malicious vindictiveness," and he never had an opportunity to present his version of events; (2) that he was convicted pursuant to an illegal plea agreement that "manipulated the court[']s mind" to aggravate his sentence, in violation of the Fifth Amendment; (3) that his sentence was "extremely excessive" in violation of the Fifth, Eighth, and Fourteenth Amendments; and (4) that he was subject to double jeopardy. (Doc. 1; *See* Doc. 6). Petitioner supplemented his petition on March 27, 2023, arguing his counsel lied to him during the plea agreement discussions. (Doc. 5).

Respondents filed a Limited Answer to the petition, arguing the petition is untimely under AEDPA and that Petitioner had failed to exhaust his state court remedies leaving his

claims procedurally defaulted. (Doc. 9). Respondents also argued on the merits that Petitioner waived his claims by entering a guilty plea. (*Id.* at 13-15). Petitioner filed a reply, arguing his current petition presents "newly discovered material facts," so the "untimeliness is irrelevant." (Doc. 10 at 2). Petitioner also disputed that he waived his grounds for relief by pleading guilty. (*Id.* at 3).

### III. Objections

Magistrate Judge Bibles filed a Report and Recommendation (R&R) on June 8, 2023, recommending the Court deny the habeas petition because of untimeliness under AEDPA. A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). The district court must review de novo the portions to which an objection is made. *Id.* The district court need not, however, review the portions to which no objection is made. *See Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003). Petitioner filed a few specific objections to portions of Magistrate Judge Bibles' Report and Recommendation (R&R). Those objections are difficult to understand.

Petitioner first objects to Page 2, lines 13-17 in part, because "there are no reason[s] that aggravating factors should have been displayed into the factors of sentencing." (Doc. 12 at 2). However, the lines cited are a direct quotation from his post-conviction counsel's report, and the cited section does not relate to sentencing factors. (*See* Doc. 9-1 at 34-36). The R&R correctly quoted from that report.

Petitioner next objects to Page 3, lines 1-7 and 10-21 of the R&R because "the petitioner is in fact obligated to obtain an evidentiary hearing if presentment is challenged of procedural defects." (Doc. 12 at 2). Again, this section of the R&R quotes a different document, namely the state trial court's dismissal of his post-conviction petition. (Doc. 9-1 at 62-67). The R&R correctly summarizes and quotes from that dismissal. Petitioner cites *State v. Amaral*, 368 P.3d 925 (Ariz. 2016), apparently for the proposition that he was entitled to an evidentiary hearing on his claims. That case addresses when evidentiary hearings are appropriate under Arizona law and has no application here. But even if that

case were applicable, Petitioner has not clearly identified the "newly discovered evidence" he believes establishes a "colorable claim." *See id.* at 927.

Petitioner next objects to Page 4, lines 1-7 of the R&R, because "the laws clearly demonstrate that newly discovered material facts have no time restraints of when a petitioner/defendant can bring up this argument that clearly demonstrates that the petitioner is in fact guaranteed the factual findings of the opportunity to be granted a[n] evidentiary hearing." (Doc. 12 at 3). The cited section of the R&R simply states the timeline of Petitioner's second attempt at post-conviction relief and summarizes his arguments from that petition. (Doc. 11 at 4). And even taking the objection more broadly, it remains unclear what newly discovered evidence Petitioner is offering.

Lastly, Petitioner "controverts the rest of the R&R simply because the Petitioner[']s voice has not been demonstrated and the R&R simply went with the side of the [Respondents] to remedy this case." (Doc. 12 at 4). Having reviewed the record and Magistrate Judge Bibles' R&R, the Court does not agree.

**IV.   Timeliness**

Ultimately, the Court agrees with Magistrate Judge Bibles that Petitioner's habeas petition is untimely under AEDPA. AEDPA's one-year statute of limitations begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). By pleading guilty, Petitioner was precluded from pursuing a direct appeal in the Arizona Court of Appeals, but he pursued an "of-right" collateral review of his conviction in state court. *See Summers v. Schriro*, 481 F.3d 710, 716 (9th Cir. 2007) (Arizona's of-right post-conviction proceeding is a form of direct review under AEDPA). That action was dismissed on May 7, 2019, and Petitioner did not seek review in the Arizona Court of Appeals. The window to appeal that decision expired 30 days later, on June 6, 2019. *See* Ariz. R. Crim. P. 33.16(a)(1).[1] (*See also* Doc. 9 at 6-7). Thus, AEDPA's one-year statute of limitations began

---

[1] The R&R calculates this window differently. (Doc. 11 at 6). The R&R indicates the state post-conviction petition was dismissed on May 7, 2019, the window to seek review by the Arizona Court of Appeals expired on July 8, 2019, and reasons that AEDPA's one-year statute of limitations began to run on July 9, 2019. However, the 30-day window to seek

running the next day and ended on June 7, 2020.

The Court agrees with Magistrate Judge Bibles that the limitations period was not statutorily tolled by any of Petitioner's other actions or petitions for relief, and that there is no reason to consider equitable tolling or an equitable exception to the statute of limitations. (*See* Doc. 11 at 6-8). Petitioner filed a second post-conviction petition on July 28, 2021, over a year after his AEDPA statute of limitations had expired (and thus not tolling that limitations period). The state court dismissed his petition as untimely and successive. His pending federal petition was placed into the prison mailing system on March 9, 2023, nearly three years after the AEDPA statute of limitations ran in his case. Petitioner has not provided any basis for the Court to consider equitable tolling.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 11) is **ADOPTED AS SET FORTH ABOVE.**

**IT IS FURTHER ORDERED** the Petition for Writ of Habeas Corpus (Doc. 1 and supplemented by Doc. 5) is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** a Certificate of Appealability is **DENIED** because dismissal of the amended petition is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable.

**IT IS FURTHER ORDERED** the Clerk of Court shall close this matter.

Dated this 6th day of July, 2023.

Honorable Roslyn O. Silver
Senior United States District Judge

---

review would have closed on June 6, 2019. This computational difference in the R&R does not change the outcome of the Court's analysis, as the statute of limitations had long run either way by the time Petitioner filed his habeas petition in this Court.